UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY AREA SURGICAL MANAGEMENT, LLC, A California limited liability company,<br><br>                    Plaintiff,<br>v.<br><br>BLUE CROSS BLUE SHIELD OF MINNESOTA INC., a Minnesota corporation and DOES 1 through 25, inclusive<br><br>                    Defendants. | Case No.: 12-CV-0848-LHK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Before the Court are Plaintiff Bay Area Surgical Management, LLC's ("Bay Area") motion to remand and Defendant Blue Cross Blue Shield of Minnesota, Inc.'s ("Blue Cross") motion to dismiss Bay Area's First Amended Complaint ("FAC"). Pursuant to Civil Local Rule 7-1(b), the Court deemed these motions suitable for decision without oral argument and vacated the July 12, 2012 motion hearing and case management conference. For the foregoing reasons, the Court GRANTS Bay Area's motion to remand, and accordingly, need not address Blue Cross's motion to dismiss the FAC.

**I.  Background**

Dr. Camran Nezhat, a doctor with Bay Area, a medical care provider, performed surgery on a patient insured by Blue Cross, a medical insurance provider. Blue Cross paid only $36,767 of the $107,862 Bay Area bill. As a result, on January 4, 2012, Bay Area filed a lawsuit against Blue

1
Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Cross in the Superior Court of California in Santa Clara County to recover an additional $49,522.14 plus attorneys' fees and punitive damages. The patient had assigned her benefits to Bay Area, and Bay Area filed its initial complaint "stand[ing] in the shoes of the patient who underwent the unpaid surgery in pursuing each Cause of Action against [Blue Cross]." *See* Compl. ¶ 4.

On February 21, 2012, Blue Cross removed the case to federal court based on both subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA") and on diversity jurisdiction. ECF No. 1. In its Notice of Removal, Blue Cross asserted that Bay Area's lawsuit "stand[ing] in the shoes of the patient" was an ERISA action because Blue Cross insured the patient under an employer-provided health insurance plan covered by ERISA. *Id.*

On February 28, 2012, Blue Cross moved to dismiss Bay Area's complaint on grounds of federal preemption under ERISA. ECF No. 6. On March 9, 2012, Bay Area moved to remand. ECF No. 11. On March 16, 2012, Bay Area amended its complaint. ECF No. 14. On March 23, 2012, Blue Cross filed its opposition to Bay Area's motion to remand (ECF No. 16), and on March 30, 2012, Bay Area filed its reply (ECF No. 17). Also, on March 30, 2012, Blue Cross withdrew its motion to dismiss Bay Area's original complaint and moved to dismiss Bay Area's FAC. ECF Nos. 18 and 19. On April 13, 2012, Bay Area filed its opposition to Blue Cross's motion to dismiss the FAC (ECF No. 21), and on April 20, 2012, Blue Cross filed its reply (ECF No. 23).

**II.     Legal Standard**

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires

resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

**III.   Discussion**

Blue Cross removed Bay Area's state court action to federal court based on federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331(a), 1332(a), 1441(a). Bay Area moves to remand on the grounds of lack of subject matter jurisdiction. The Court finds that it had federal question jurisdiction over Bay Area's original removed complaint because two causes of action arose under federal law. Accordingly, removal was proper. However, the FAC does not include any causes of action arising under federal law. Thus, the Court no longer has federal question jurisdiction. Furthermore, the Court does not have diversity jurisdiction because the amount in controversy requirement is not met. Accordingly, the Court declines to exercise supplemental jurisdiction over the state law causes of action in the FAC, and GRANTS Bay Area's motion to remand.

### A. Bay Area's original complaint was properly removed because it included state law causes of action that ERISA completely preempted.

Bay Area argues that removal was improper because the Court lacked federal question jurisdiction and diversity jurisdiction. Mot. at 2. The Court will first analyze whether removal was proper based on the original complaint. Second, the Court will address whether it has federal question jurisdiction over the FAC.

For the Court to have federal question jurisdiction over a complaint, the complaint must arise under federal law. 28 USC § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). "The well-pleaded complaint rule is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987) (internal quotation marks omitted). Bay Area's FAC, like its original complaint, asserts only state law claims. Generally, a complaint that asserts only state law claims does not arise under federal law. *Id.*

3

Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

For the reasons discussed below, Blue Cross's defense to the original complaint would include a federal preemption defense. Ordinary "conflict" preemption simply recognizes that when federal and state law conflict, federal law has primacy. *Altria Group, Inc. v. Good*, 555 U.S. 70, 76 (2008). For example, 29 U.S.C. § 1144(a) of ERISA, which the parties discuss, provides that "[e]xcept as provided in subsection (b) of this section [ERISA] . . . supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . " *Id.* Under § 1144(a), a defendant in a state law action that relates to an employee benefit plan has a defense: that the state law action is preempted because it conflicts with ERISA. *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). However, the existence of a federal preemption defense normally does not create federal question jurisdiction because a defense does not fall within the "well-pleaded complaint." *Metropolitan Life Insurance*, 481 U.S. at 63. Consequently, preemption under § 1144(a) does not confer federal question jurisdiction. *Marin General Hospital*, 581 F.3d at 945. The Supreme Court explained, "29 U.S.C. § 1144(b)(2)(A), makes clear that Congress did not intend to pre-empt entirely every state cause of action relating to such [employee benefit] plans . . . [by stating] 'nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.'" *Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 25 (1983) (quoting 29 U.S.C. § 1144(b)(2)(A)).

However, in rare circumstances, "Congress may so completely pre-empt a particular area [of law]" that a state law claim arising from this area of law "is necessarily federal in character" ("complete preemption.") *Metropolitan Life Insurance*, 481 U.S. at 63-64. Thus, a completely preempted state law claim inherently arises under federal law, conferring federal question jurisdiction and allowing removal from state court to federal court.

ERISA completely preempts state law under 29 U.S.C. § 1132(a). ERISA is a comprehensive legislative scheme intended to protect the interests of participants in employee benefit plans and their beneficiaries. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). One distinctive feature of ERISA is the integrated enforcement mechanism provided under 29 U.S.C. §

4

Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1132(a), which provides ten "carefully integrated civil enforcement provisions."[1] *Id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). Congress "clearly manifested an intent" to completely preempt causes of action within the scope of § 1132(a), thereby making such causes of action removable to federal court. *Metropolitan Life Insurance*, 481 U.S. at 66.

Under *Davila*, a state law claim is completely preempted by ERISA under 29 U.S.C. § 1132(a)'s comprehensive legislative scheme if the state law claim meets a two-prong test. *See Marin General Hospital*, 581 F.3d at 947 (9th Cir. 2009) (citing *Davila*, 542 U.S. at 210-12). A state law cause of action is completely preempted, and therefore removable, "only if *both* prongs of the [*Davila*] test are satisfied." *Marin General Hospital*, 581 F.3d at 947 (emphasis added).

The first *Davila* prong asks "whether a plaintiff seeking to assert a state law claim 'at some point in time, could have brought [the] claim under [29 U.S.C. § 1132(a)(1)(B)].'" *Marin General Hospital*, 581 F.3d at 947 (quoting *Davila*, 542 U.S. at 210). Section 1132(a)(1)(B) provides: "A civil action may be brought—(1) by a participant or beneficiary—... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The second *Davila* prong asks whether there is no other legal duty, independent of ERISA, that is implicated by a defendant's actions.'" *Marin General Hospital*, 581 F.3d at 949 (quoting *Davila*, 542 U.S. at 210). For example, an employer-sponsored health insurance plan between a patient and a medical insurer generally does not create legal duties independent of ERISA, but a contract between a medical service provider and a medical insurer creates legal duties independent of ERISA. *Id.* at 950. In sum, if a state law cause of action could have been brought under 29 U.S.C. § 1132(a)(1)(B) and does not create a legal duty independent of ERISA, the state law cause of action is completely preempted.

---

[1] For example, 29 U.S.C. § 1132(a)(3)(A) provides that "(a) [a] civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan . . ." *Id.* 29 U.S.C. § 1132(a)(3)(A). Another provision, 29 U.S.C. § 1132(a)(7), provides that, "(a) [a] civil action may be brought . . . (7) by a State to enforce compliance with a qualified medical child support order (as defined in section 1169 (a)(2)(A) of this title.)" *Id.*

5

Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1     In the original removed complaint, Bay Area's first and second causes of action arose from the medical insurance contract between the patient and Blue Cross. The parties do not dispute that the medical insurance contract between the patient and Blue Cross is an employee benefit plan covered under ERISA.[2]

Bay Area's first cause of action in its original complaint was for breach of contract. Compl. ¶¶ 29-37. Bay Area alleged breach by Blue Cross of the written medical insurance contract between the patient and Blue Cross. Compl. ¶¶ 30, 34-35 ("As a result of the breach of Defendant [Blue Cross], in the obligations pursuant to the written contract with the patient, who has assigned her rights to Bay Area . . . $49,522.14 is now due, owing, and unpaid."). Bay Area's second cause of action in its original complaint was for violation of Cal. Business & Professions Code § 17200. Bay Area alleged that Blue Cross "unlawfully refused to honor the terms of its written contract with the patient . . . giving rise to [Bay Area's] claim to damages . . . " Compl. ¶ 40. Thus, in the original removed complaint, Bay Area's breach of contract and Cal. Business & Professions Code § 17200 causes of action arose from the written contract between the patient and Blue Cross, an ERISA plan agreement.

Bay Area's breach of contract and Cal. Business & Professions Code § 17200 causes of action meet the first prong of the *Davila* test because the patient could have brought these causes of action to recover her benefits due under the ERISA medical insurance contract, pursuant to § 1132(a)(1)(B). Indeed, Bay Area only brought these causes of action in the original complaint pursuant to the patient's assignment of her ERISA plan rights to Bay Area. These causes of action also meet the second prong of the *Davila* test because they arise from Blue Cross's legal duty to comply with the terms of its ERISA plan agreement with the patient, and do not implicate any ERISA-independent legal duty. Accordingly, Bay Area's original causes of action for breach of contract and violation of Cal. Business & Professions Code § 17200 were completely preempted under § 1132(a) of ERISA.

---

[2] The provisions of ERISA "apply to any employee benefit plan if it is established or maintained-- (1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both." *See* 29 U.S.C. § 1003(a).

6
Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1    At the time of the removal, the Court had federal question jurisdiction because the
2  complaint contained two causes of action that were completely preempted by ERISA. Accordingly
3  removal was proper.

4    In Bay Area's motion to remand, Bay Area alleges that Blue Cross removed this action in
5  bad faith because this action "clearly is not subject to removal." Mot. at 7-8. Bay Area therefore
6  requests attorney's fees incurred as a result of the alleged bad faith removal. *Id.* Specifically, Bay
7  Area states that it incurred $1750 in attorney's fees incurred preparing and filing Bay Area's
8  motion to remand. *Id.* at 8. As stated above, the Court finds that removal was proper.
9  Accordingly, Blue Cross did not act in bad faith when it exercised its removal right and chose a
10 federal forum for the adjudication of federal law. Thus, the Court DENIES Bay Area's request for
11 attorney's fees associated with this motion to remand.

**B. The Court may consider Bay Area's FAC for purposes of determining federal question jurisdiction.**

Blue Cross argues that the Court may not consider Bay Area's FAC in determining federal question jurisdiction. Opp. at 4. The Court notes that Blue Cross does not allege that Bay Area amended its complaint in bad faith. Indeed, "[a] plaintiff is entitled to file both state and federal causes of action in state court. The defendant is entitled to remove. The plaintiff is entitled to settle certain claims or dismiss them with leave of the court. The district court has discretion to grant or deny remand." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995). Abandoning claims to avoid federal jurisdiction is not a manipulative pleading practice, but is instead a "straight-forward tactical decision." *Id.* at 490-91.

The cases Blue Cross cites do not indicate that the Court must ignore the FAC and deny remand simply because the original complaint was properly removed. *Williams* addressed a plaintiff who had amended his complaint to dismiss federal claims and allege new state court causes of action. *Id.*, 471 F.3d at 976. The district court exercised its discretion to remand where no federal question remained. *Id.* The Ninth Circuit held that removal was improper because diversity jurisdiction existed. *Id.*

*Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), addressed whether a plaintiff had a right to remand when federal claims in the removed complaint had been dismissed. *Sparta* held that no right to remand existed, but did not address whether the court could have remanded by exercising its discretion to decline supplemental jurisdiction over the remaining state court claims. *Id.*

In sum, an amendment of claims effects federal question jurisdiction, and it is proper for this Court to consider Bay Area's FAC for purposes of determining federal question jurisdiction. Accordingly, the Court now considers whether it has federal question jurisdiction over the FAC.

**C. The Court does not have federal question jurisdiction over Bay Area's FAC.**

Bay Area's FAC includes five state law causes of action, none of which are completely preempted by ERISA under 29 U.S.C. § 1132(a). Bay Area's amended first cause of action for breach of contract and amended second cause of action for violation of Cal. Business & Professions Code § 17200 do not arise from the ERISA medical insurance contract between Blue Cross and the patient. Instead, these amended causes of action arise from an alleged contract between Blue Cross and Bay Area. FAC ¶¶ 34, 40. Similarly, Bay Area's amended third cause of action for negligent misrepresentation, amended fourth cause of action for promissory estoppel, and amended fifth cause of action for equitable estoppel, all arise from representations made by Blue Cross to Bay Area, rather than from the ERISA medical insurance contract. FAC ¶¶ 47, 54, 62. Because all five causes of action in Bay Area's FAC arise from representations that fall outside the scope of ERISA, all five causes of action fail the two-prong *Davila* test for complete preemption under ERISA 29 U.S.C. § 1132(a). *See Marin General Hospital*, 581 F.3d at 949-50. Accordingly, Bay Area's FAC includes no claims arising under federal law, and the Court lacks federal question jurisdiction over the FAC.

1. Bay Area's amended first cause of action for breach of contract.

Bay Area has amended its first cause of action for breach of contract, and no longer alleges breach of the written ERISA medical insurance contract between Blue Cross and the patient. Instead, Bay Area's FAC alleges breach of a contract created between Bay Area and Blue Cross during phone conversation(s) between a Bay Area employee and a Blue Cross employee. FAC ¶

8

Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

34 (citing FAC ¶¶ 20, 32). The Blue Cross employee allegedly (1) told Bay Area that the patient was insured, (2) told Bay Area that the surgery did not require preauthorization, and (3) "verified the terms of the patient's insurance coverage." FAC ¶ 20; *see also* FAC ¶ 21 (alleging that the Blue Cross "provider self-service-eligibility and benefits details" portion of Blue Cross's website indicated that Blue Cross would cover "80% of the billed price of procedures.").

Where a cause of action arises from an alleged contract between a provider and an insurer, the first *Davila* prong is not satisfied, because at no point in time could the provider have brought the claim as an ERISA plan "participant or beneficiary . . . to recover benefits . . . , to enforce . . . rights . . . , or to clarify . . . rights to future benefits under the terms of the plan," pursuant to 29 U.S.C. § 1132(a)(1)(B). *Id.*; *Marin General Hospital*, 581 F.3d at 947.

In *Marin General Hospital*, the hospital treated a patient who was medically-insured through an employer-provided ERISA plan. *Id.* at 944. The hospital's complaint alleged that prior to treatment the ERISA plan administrator had "orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the hospital." *Id.* After the plan paid only 26% of the billed expenses, the hospital filed a state court action for breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel. *Id.* The Ninth Circuit held that because the hospital's causes of action arose from the alleged oral contract between the hospital and the ERISA plan, the causes of action could not have been brought under 29 U.S.C. § 1132(a)(1)(B). *Id.* at 947. The fact that the patient had assigned his ERISA rights to the hospital did not convert the hospital's independent grounds for monetary relief into ERISA claims. *Id.*

Similarly, in *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045 (9th Cir. 1999), "the Providers [asserted] contractual breaches ... that their patient-assignors could not assert [because] the patients simply [were] not parties to the provider agreements between the Providers and Blue Cross." *Id.* at 1051. The Ninth Circuit held that causes of action arising out of the provider agreements were not preempted under § 1132(a), even though Blue Cross could have chosen to bring different causes of action which would have been subject to ERISA preemption. *Id.* at 1052.

A cause of action arising from contracts between medical service providers and insurance companies also fails the second prong of the *Davila* test. "The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA." *Marin General Hospital*, 581 F.3d at 950. Legal obligations that arise from contracts between medical service providers and medical insurers do not arise from ERISA, even when the insurer is acting as an ERISA plan administrator. *Id.* It is immaterial that the plaintiff might seek the same monetary relief to which a patient or patient-assignee might be entitled under ERISA. *Id.*; *see also Blue Cross*, 187 F.3d at 1052. Accordingly, where a medical service provider's cause of action arises from the medical service provider's agreement with an ERISA plan provider, the cause of action fails both the first and second prongs of the *Davila* test and is not subject to ERISA complete preemption under 29 U.S.C. § 1132(a).

Accordingly, Bay Area's amended first cause of action for breach of contract is not preempted under § 1132(a) of ERISA. This cause of action arises from a contract between the Blue Cross and Bay Area. Therefore, this cause of action could not have been brought by the patient against Blue Cross under § 1132(a)(1)(B), failing the first prong of the *Davila* test. *See Marin General Hospital*, 581 F.3d at 947. Furthermore, this cause of action arises from ERISA-independent legal duties created by Blue Cross's alleged entry into a contract with Bay Area, failing the second prong of the *Davila* test. *See id.* at 950. The fact that Bay Area could have chosen to seek the same monetary relief it now seeks under the patient's assigned ERISA rights does not impinge Bay Area's right to seek that relief on the independent grounds now before the Court. *See id.*; *Blue Cross*, 187 F.3d at 1051. In consequence, Bay Area's amended cause of action for breach of contract is not completely preempted under § 1132(a) of ERISA and does not arise under federal law.

### 2. Bay Area's amended second cause for violation of Cal. Business and Professions Codes § 17200

Like Bay Area's amended first cause of action for breach of contract, Bay Area's amended second cause of action for violation of Cal. Business & Professions Code § 17200 appears to allege breach of the telephone and website contracts between Bay Area and Blue Cross. *See* FAC ¶ 40

10
Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1   ("the contract described herein"); *see also* FAC ¶¶ 41-44 (alleging other illegal acts committed in

2   furtherance of the alleged breach of telephone contract).  Thus, Bay Area's amended second cause

3   of action arises from alleged contract terms to which Blue Cross and Bay Area agreed and does not

4   arise from the patient's medical insurance contract (otherwise known as an employee benefit plan

5   covered under ERISA) with Blue Cross.

6   Accordingly, Bay Area's amended second cause of action for violation of Cal. Business &

7   Professions Code § 17200 is not preempted under § 1132(a) of ERISA because this claim could not

8   have been brought by the patient against Blue Cross under § 1132(a)(1)(B), and also because this

9   claim arises from ERISA-independent legal duties created by Blue Cross's alleged entry into a

10   contract with Bay Area.  *See Marin General Hospital*, 581 F.3d at 947; *id.* at 950.  Consequently,

11   Bay Area's amended second cause of action for violation of Cal. Business & Professions Code §

12   17200 does not arise under federal law.

> 3. Bay Area's amended third cause of action for negligent misrepresentation, amended fourth cause of action for promissory estoppel, and amended fifth cause of action for equitable estoppel.

15   Like Bay Area's amended causes of action for breach of contract and violation of  Cal.

16   Business & Professions Code § 17200, Bay Area's amended third cause of action for negligent

17   misrepresentation, amended fourth cause of action for promissory estoppel, and amended fifth

18   cause of action for equitable estoppel all arise from representations made by Blue Cross to Bay

19   Area.  In the original removed complaint, Bay Area's causes of action for negligent

20   misrepresentation, promissory estoppel, and equitable estoppel also arose from representations

21   made by Blue Cross to Bay Area.  In fact the relevant portions of these third, fourth, and fifth

22   causes of action are unchanged between the original complaint and the FAC, as demonstrated by

23   the citations to the original complaint and FAC below.

24   Bay Area's cause of action for negligent misrepresentation alleges that during a telephone

25   call between Blue Cross and Bay Area, Blue Cross negligently misrepresented that "'no pre-

26   authorization was necessary' for the surgery that the patient was scheduled to undergo." Compl. ¶

27   47; FAC ¶ 47.  The negligent misrepresentation claim alleges that "[Bay Area] justifiably relied on

28   [Blue Cross's] misrepresentation, and went forward with the procedure, reasonably expecting to be

11

1  reimbursed." Compl. ¶ 49; FAC ¶ 49. Bay Area seeks to recover "80% of the billed price of the

2  surgery pursuant to the express statements from [Blue Cross]," (Compl. ¶ 49; FAC ¶ 49) apparently

3  relying on the "provider self-service-eligibility and benefits details" website promise to cover

4  "80% of the billed price of procedures" (Compl. ¶ 21; FAC ¶ 21).

5        Similarly, Bay Area's cause of action for promissory estoppel and cause of action for

6  equitable estoppel arise from the same two statements that Blue Cross allegedly made to Bay Area

7  prior to the patient's surgery: (1) that the surgery did not require pre-authorization, and (2) that

8  Blue Cross would pay "80% of the billed price." *See* Compl. ¶¶ 54, 55; FAC ¶¶ 54, 55 (alleging

9  the pre-authorization and 80% payment promises that give rise to the promissory estoppel cause of

10  action); Compl. ¶¶ 62, 64; FAC ¶¶ 62, 64 (alleging statements and omissions giving rise to the

11  equitable estoppel cause of action). Thus, under the original complaint and the FAC, Bay Area's

12  causes of action for negligent misrepresentation, promissory estoppel, and equitable estoppel all

13  arise from representations made by Blue Cross to Bay Area, stating or implying that Blue Cross

14  would pay for the surgery that Bay Area planned to perform.

15        Accordingly, Bay Area's causes of action for negligent misrepresentation, promissory

16  estoppel, and equitable estoppel are not preempted under § 1132(a) of ERISA for the same reasons

17  discussed with respect to Bay Area's amended first cause of action for breach of contract and

18  amended second cause of action for violation of Cal. Business & Professions Code § 17200.

19        In sum, all of the FAC's five causes of action assert state law claims, and none of these five

20  state law causes of action is completely preempted by ERISA. Accordingly, the FAC does not

21  arise under federal law, and the Court lacks federal question jurisdiction over the FAC.

22        **D. The Court lacks diversity jurisdiction over the action.**

23        The Court has diversity jurisdiction in all civil actions where the amount in controversy

24  exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a). Bay Area is a

25  citizen of California, and Blue Cross is a citizen of Minnesota. Consequently, it is undisputed that

26  the parties are diverse.

12

Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  Bay Area seeks only $49,522.14 in consequential damages plus interest. FAC, Prayer for
2  Relief ¶¶ 1-2. However, Bay Area's original complaint also sought unspecified punitive damages[3]
3  and attorney's fees. Compl., Prayer for Relief, ¶¶ 3-4. Blue Cross's removal was supported by an
4  expert declaration stating that attorney's fees would most likely exceed $30,000, presuming an
5  hourly rate of $200. *See* ECF No. 2 ¶ 10 (Geibelson Decl. in Support of Removal). In fact, the
6  Bay Area attorney who prepared Bay Area's Motion to Remand bills at $350 per hour. *See* ECF
7  No. 12 ¶ 2 (Gibson Decl. in Support of Motion to Remand). Bay Area argues that other attorneys
8  who do not bill at $350 per hour are involved in litigating this action, but has not cited any
9  supporting evidence. Remand Reply at 8.

Bay Area's FAC does not include a prayer for attorney's fees. *See* FAC, Prayer for Relief. However, unlike removal based on federal question jurisdiction, when removal is based on diversity jurisdiction, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indemnity Co. V. Red Cab Co.*, 303 U.S. 283, 293 (1938). "In the law of diversity jurisdiction . . . jurisdiction is not destroyed by subsequent events that reduce the amount recoverable below the statutory limit." *In re Scovis*, 249 F.3d 975, 986 (9th Cir. 2001); *see also Barcume v. Cortes*, 24 F. App'x 754, 756 (9th Cir. 2001) ("Moreover, under *St. Paul*, Barcume's later decision to pursue a single claim for less than $75,000 did not divest the district court of jurisdiction."). Accordingly, the Court may not consider Bay Area's FAC in determining whether more than $75,000 is in controversy.

However, attorney's fees can only be included in the amount in controversy when they are authorized by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (citing *Goldberg v. CPC International Inc*., 678 F.2d 1365 (9th Cir.1982), *cert. denied*, 459 U.S. 945 (1982)); *see also Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or

---

[3] Blue Cross has never argued that possible punitive damages should be aggregated to determine the amount in controversy and has made no showing as to the possible amount of punitive damages. Accordingly, the Court disregards the possibility of a punitive damage award in its analysis.

13
Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1    discretionary language, such fees may be included in the amount in controversy") (quoting *Galt*

2    *G/S*, 142 F.3d at 1155-56 (9th Cir. 1998)).

3          Although the original removed complaint was silent as to the basis of Bay Area's request

4    for attorney's fees, Blue Cross, in its notice of removal, alleged that Bay Area's prayer for

5    attorney's fees was based upon Cal. Code Civ. Proc. § 1021.5, *See* ECF No. 1 ¶ 12 (notice of

6    removal); *see also* Opp. to Remand at 11 ("[Bay Area] does not dispute that the Complaint relies

7    upon Cal. Code. Civ. Proc. § 1021.5 as the basis for recovery of attorneys' fees.").

8          Cal. Code Civ. Proc. § 1021.5, California's private attorney general statute, does not

9    provide for an award of attorney's fees in the removed action. *See* Remand Reply at 8-9. Section

10   1021.5 provides in pertinent part: "Upon motion, a court may award attorneys' fees to a successful

11   party against one or more opposing parties in any action which has resulted in the enforcement of

12   an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or

13   nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity

14   and financial burden of private enforcement, or of enforcement by one public entity against another

15   public entity, are such as to make the award appropriate, and (c) such fees should not in the interest

16   of justice be paid out of the recovery, if any." *Id.*

17         Although "the public always derives a 'benefit' when illegal private or public conduct is

18   rectified, [b]oth the statutory language ('Significant benefit') and prior case law . . . indicate that

19   the Legislature did not intend to authorize an award of attorney fees in every case involving a

20   statutory violation." *Woodland Hills Residents Assn., Inc. v. City Council*, 23 Cal. 3d 917, 939

21   (1979). Section 1021.5 recognizes "that privately initiated lawsuits are often essential to the

22   effectuation of the fundamental public policies embodied in constitutional or statutory provisions,

23   and that, without some mechanism authorizing the award of attorney fees, private actions to

24   enforce such important public policies will as a practical matter frequently be infeasible." *Graham*

25   *v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 565 (2004).

26         However, "[w]here the enforcement or advancement of any public interest with the defense

27   of the action was secondary and incidental to achieving personal business goals, an award of fees

28   under Code of Civil Procedure section 1021.5 is not warranted." *DiPirro v. Bondo Corp.*, 153 Cal.

14
Case No.: 12-CV-0848-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1   App. 4th 150, 200 (Cal. Ct. App. 2007). "Section 1021.5 was not designed as a method for

2   rewarding litigants motivated by their own pecuniary interests who only coincidentally protect the

3   public interest." *Flannery v. California Highway Patrol*, 61 Cal. App. 4th 629, 635 (Cal. Ct. App.

4   1998) (quoting *Beach Colony II v. California Coastal Com.*, 166 Cal.App.3d 106, 114 (Cal. Ct.

5   App. 1985)). Thus, for example, an employee who initiated an action "to reinstate his

6   employment", rather than "in the interest of the general public" was not entitled to attorney's fees

7   even though the action might "have conveyed a cautionary message" or caused his employers

8   "to change their practices in the future."[4] *LaGrone v. City of Oakland*, 202 Cal. App. 4th 932, 946

9   (Cal. Ct. App. 2011), as modified (Jan. 11, 2012) (citing *Pacific Legal Found. v. California*

10  *Coastal Com.*, 33 Cal. 3d 158, 167 (1982)).

As discussed above, Bay Area's original removed complaint sought a limited monetary award, $49,522.14, for itself, based on Blue Cross's alleged actions with regard to Bay Area and the patient. Bay Area has not alleged a broad pattern of wrongful conduct by Blue Cross. Bay Area has not requested any injunctive relief that might benefit a large class of persons such as a change of policy by Blue Cross. Bay Area has not pled any class allegations or filed on behalf of others similarly situated. Accordingly, the Court finds that Bay Area's original complaint was motivated by Bay Area's individual pecuniary interests.

Consequently, because Bay Area's suit could not have conferred "a significant benefit . . . on the general public or a large class of persons," § 1021.5 attorney's fees could not have been awarded based upon the allegations in the removed complaint. Cal. Code Civ. Proc. § 1021.5. Thus, the amount in controversy is $49,522.14, well below the $75,000.01 necessary for diversity jurisdiction. Therefore, the Court does not have diversity jurisdiction over this action.

---

[4] The bar on § 1021.5 attorney's fees for individual plaintiffs "motived by their own pecuniary interests" does not extend to class actions motivated by pecuniary interests. *Graham*, 34 Cal. 4th 553, 578 (2004) ("It is well settled that attorney fees under section 1021.5 may be awarded for consumer class action suits benefiting a large number of people."). Furthermore, a plaintiff primarily motivated by her own non-pecuniary interests may receive attorney's fees under § 1021.5. *In re Conservatorship of Whitley*, 50 Cal. 4th 1206, 1211 (2010) ("We conclude that a litigant's personal nonpecuniary motives may not be used to disqualify that litigant from obtaining fees under Code of Civil Procedure section 1021.5.").

### E. The Court exercises its discretion to decline exercise of supplemental jurisdiction, and remands to state court.

The Court does not have federal question jurisdiction or diversity jurisdiction over Bay Area's FAC.  It is within the Court's discretion to exercise, or not exercise, supplemental jurisdiction over the remaining claims.  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S.Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .")."  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 557 (10th Cir. 2000).  Here, the Court finds that because the federal claims have been eliminated at the pleadings phase, and all the remaining claims are state law claims, of which the state court is the best arbiter, it is in the interests of judicial economy, convenience, fairness, and comity to remand the remaining claims.

## IV. Conclusion

For the foregoing reasons, the Court remands this action to the Superior Court for the County of Santa Clara.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 17, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge